

DOCKET NO. 753

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAY 11 1988

IN RE SCHULMAN PARTNERSHIPS SECURITIES LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

TRANSFER ORDER*

    This litigation presently consists of four actions pending in four federal districts: one action each in the District of New Jersey, the Southern District of New York, the Central District of California and the Eastern District of Pennsylvania. Before the Panel is a motion by eighteen defendants to centralize actions in this litigation in the Central District of California, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings.[1/] Plaintiffs in the Pennsylvania action and one defendant favor centralization in the District of New Jersey. Plaintiffs in the New Jersey action oppose transfer. Plaintiffs in the New York and California actions and Peat Marwick Main & Co. (Peat Marwick), a defendant in the California action, do not oppose Section 1407 transfer of actions in this docket to the Central District of California; these parties do, however, oppose coordination or consolidation of the California action with other actions in this docket.

    On the basis of the papers filed and the hearing held, the Panel finds that these four actions involve common questions of fact and that centralization under Section 1407 in the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[2/] Each of the four

---

\*    Judge Louis H. Pollak took no part in the decision of this matter.

[1/]    The Section 1407 motion, as originally filed, pertained to the New Jersey, New York and California actions. The Pennsylvania action is included in the matter before us because all parties to that action have stated in writing their respective positions on the present motion and either have participated in oral argument at the Panel's March 25, 1988 hearing or have been afforded the opportunity to do so. In addition, counsel for movants has advised the Panel of the pendency of a recently filed related action in the Central District of California. This action will be treated as a potential tag-along action. See Rule 10(a), R.P.J.P.M.L., 89 F.R.D. 273, 279 (1981).

[2/]    More than five weeks after the Panel hearing on this matter, thirteen of the eighteen Section 1407 movants, joined by plaintiffs in all four actions, requested in writing that the Panel stay the issuance of a decision in this matter for a period of 30 days from May 4, 1988. These parties represent that settlement negotiations are ongoing, and they urge that the requested stay will promote settlement. We disagree. Settlement discussions can proceed harmoniously in the transferee district, and indeed could be enhanced by streamlining the pretrial of the constituent actions under the supervision of a single judge. Momentum toward settlement can normally be best attained by denying stays of any sort and proceeding expeditiously with pretrial. See Manual for Complex Litigation, Second, §23.13 (1985). Accordingly, the request for a 30 day stay of our decision in this matter is denied.

-2-

actions before the Panel focuses on alleged violations of securities laws in connection with the offer and sale of interests in limited partnerships included in a series of real estate partnership programs (the Schulman Partnerships). Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. With respect to the opposition of the New York and California plaintiffs and Peat Marwick to coordination or consolidation of the California action with other actions in the docket, we observe that the determination whether and to what extent the pretrial proceedings should be coordinated or consolidated is, as always, the province of the transferee judge. See In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378, 1384 (J.P.M.L. 1974).

The Central District of California is the preferable transferee district under the circumstances of this particular litigation. We note that 1) several key defendants, including the principal promoter of the Schulman partnerships, reside in that district, and consequently many relevant witnesses and documents are likely to be found there; 2) all the Schulman partnerships were organized under California law; 3) all private placement memoranda for the Schulman partnerships were prepared in California; and 4) more than 80% of all investors in the Schulman partnerships are California residents.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable A. Andrew Hauk for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-753 -- In re Schulman Partnerships Securities Litigation

District of New Jersey

Harry C. Adams, et al. v. Alameda Investors, Inc., et al., C.A. No. 87-4386

Southern District of New York

Barry Morguelan, et al. v. Gerald Schulman, et al., C.A. No. 87-CIV-7736(JMW)

Eastern District of Pennsylvania

Kim A. Reynolds, et al. v. Postal Management Services Company, et al., C.A. No. 88-1536

Central District of California

Sheldon Becker, et al. v. Gerald Schulman, et al., C.A. No. 87-6773-SVW(Bx)